IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH james.henry170@yahoo.com, THAT IS STORED AT PREMISES CONTROLLED BY Oath Holdings Inc. (Yahoo) | Case No. 3:20sw80<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Michael J. Roelofs being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Oath Holdings Inc. (Yahoo), an email provider headquartered at 701st First Avenue, Sunnyvale, California, 94089. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Oath Holdings Inc. ("Yahoo") to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent with the U.S. Army Criminal Investigation Command (USACIDC), and have been employed in that position since November 2011. I am currently assigned to the Major Cybercrime Unit (MCU), and have been since June 2017. The MCU is

1

responsible for investigating computer-related offenses including child pornography, extortion, computer intrusions, denial of service attacks and other types of malicious computer activity directed against the U.S. Army or conducted using Army computers. I am also a certified DoD Cyber Crime Investigator (CCI), Digital Forensic Examiner (DFE), and Digital Media Collector (DMC). As a special agent, I have personally been the affiant and/or participated in the execution of a number of federal search warrants that have involved child exploitation and/or child pornography offenses. I have attended the U.S. Army Criminal Investigation Division Special Agent Course (CIDSAC), a federally accredited criminal investigator training program, the Federal Law Enforcement Training Center (FLETC), and completed numerous advanced special agent training courses specifically in Digital Forensics and Digital Media Collection. In addition to my training as a criminal investigator, I have received advanced training in cases involving Child Exploitation and I am a member of several Task Forces affiliated to the Internet Crimes Against Children (ICAC) Program. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of the Uniform Code of Military Justice, as well as, violations of Title 18, United States Code, Sections 2251, 2252, and 2252A. As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as digital storage devices, the Internet, and printed images). As a civilian special agent of USACIDC, I am authorized to investigate crimes involving violations of the Uniform Code of Military Justice, and other applicable federal laws, where there is an Army interest.

3. Through my training and experience, I have become familiar with the methods used by people who commit offenses involving the sexual exploitation of children. My training and experience has given me an understanding of how people who commit offenses relating to the sexual exploitation of children use the Internet to facilitate and commit those offenses.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, § 2252A(a)(2)(A) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) have been committed by the user of account **james.henry170@yahoo.com** (hereinafter "Subject Account"). There is also probable cause to search the information described in Attachment A for evidence and/or instrumentalities of these crimes, as described in Attachment B.

## JURISDICTION

6. This investigation concerns alleged violations of 18 U.S.C. § 2252A(a)(2)(A) (receipt and distribution of child pornography); and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

7. Title 18, United States Code, Sections § 2252A(a)(2)(A) prohibits a person from knowingly receiving or distributing any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or

3

facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

8. Title 18, United States Code, Sections 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

9. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10. Pursuant to Title 18 U.S.C. Section 2258A, a provider of electronic communication services or remote computing services to the public through a means or facility of interstate commerce, such as the Internet, must report incidents of apparent violations of child exploitation statutes to the CyberTip line (CT) of the National Center for Missing and Exploited Children (NCMEC). Such a report may include the pornographic image(s) and other identifying or descriptive information.

11. On January 28, 2020, USACIDC's Major Cybercrime Unit (MCU) received NCMEC CT Reports 62776771 (Yahoo), 63568233 (Supplemental Report to CT Report 62776771), and 24008735 (Tumblr) (collectively referred to herein as "report number

62776771" or " CT Report") submitted to NCMEC by Yahoo, Oath Holdings Inc., and Tumblr (CT Report 24008735). Tumblr is a social networking website that allows users to post multimedia and other content to a short-form blog and allows other users to view and follow said blogs. The CT Reports were referred to this office by the Bedford County Sheriff's Office, VA.

12. According to the CT Report 24008735, a device using Internet Protocol (IP) address 73.216.74.149 uploaded an image of child pornography on September 2, 2017. Tumblr reported the account username was "profoundyouthtaco," and the account's email address was nc_mechanic@yahoo.com. The Bedford County Sheriff's Office submitted a subpoena to COX Communications for subscriber information that was associated with the IP Address 73.216.74.149 at the time of the upload. COX Communications subpoena results showed that the IP address at the time of the upload was assigned to subscriber Travis Chapell with the following service address: 306 Hoke Avenue, Hopewell, VA 23860. The billing address was listed as 208 S. Mesa Drive, Hopewell, VA 23860. COX Communications further provided the phone number associated with the subscriber was 804-720-2024 and the associated email address was nc_mechanic@comcast.net.

13. On January 28, 2020, I conducted a search of Department of Defense (DoD) civilian employee records and determined that Chapell is a DoD government contractor currently residing in Disputanta, VA 23842. DOD records reflect that Chappell's personal phone number is 804-720-2024, and his personal email address is nc_mechanic@yahoo.com.

14. On February 21, 2020, I reviewed the file associated with the 2017 CT Report 24008735 from Tumblr and based on my training and experience determined that the image reported by Tumblr depicted child pornography as defined by 18 U.S.C. § 2256. The file is a color digital image titled "conversation_106736321_1504356875249.jpg." The images depicts

an image of a white male with an erect penis partially inserted into the vagina of a child, approximately 1-3 years of age, lying on her back. The male appears to have ejaculated inside the child.

15. On February 21, 2020, I reviewed the files associated with CT Report 62776771 from Yahoo for the SUBJECT ACCOUNT. Included in the report were 105 images and 16 videos of nude children ranging in age from approximately infant to young teen, some of whom were engaged in sexual acts with adult male and females. These images had been transmitted via email by the SUBJECT ACCOUNT. The emails reported in this CT report spanned the period from December 4, 2017 thru January 10, 2020. All photos and videos were identified by my manual review and hash comparison to known child pornography. The photos and videos appear to be depictions of children between one to 12 years of age in various stages of undress, with many displaying their genitalia in a lewd and lascivious manner. Most of the depictions, both video and photos, include sexual abuse involving adults engaged in sexual acts with children, while others contained multiple children engaged in sexual acts with each other. Based on my training and experience, the majority of the images and videos reported by Yahoo depict child pornography, as defined by 18 U.S.C. § 2256. Some of the images are as follows:

    a. A digital video file entitled "Laurie – cum.wmv" with a duration of 1 minute and 7 seconds in total length, depicts a female child, approximately 3-7 years of age, sitting down on a table, nude with an adult penis inserted into her mouth. The adult holds the penis in the child's mouth while ejaculating into her mouth and then continuing to ejaculate on her body.

    b. A digital video file entitled "Vid Dad fucks girl in bathtub.avi" with a duration of 1 minute and 36 seconds in total length, depicts a female child, approximately 3-7

6

years of age, standing in a bathtub naked with an adult male siting on his knees naked in the bathtub holding the child. The adult male appears to be forcefully inserting his penis into the child's anus while groaning and repeatedly thrusting his penis in and out of the child. The child is heard throughout the video crying in pain. The adult then turns the child around and begins to ejaculate on her stomach and genitalia.

c. A Digital image entitled "image.149-1.jpeg" depicts a child approximately 1-4 years of age, asleep lying on her back naked from the waist down. The image is focused on the genitalia of the child which is fully exposed and further shows what appears to be ejaculate on the stomach and genitalia of the child.

d. A digital image entitled "image.32-1.jpeg" depicts a female child approximately 1 to 3 years in age, lying on her back with a pacifier in her mouth, naked from the waist down with her legs spread open in a lewd and lascivious manner. The images is focused on the child's genitalia with what appears to be a sex toy inserted into the vagina of the child.

16. In addition to the above, Yahoo submitted a Supplemental Report to CT Report 62776771 which provided the following subscriber information pertaining to the SUSPECT account james.henry170@yahoo.com:

- The Globally Unique Identifier (GUID) for the Yahoo account is RPNMYEHLCYMVI4CVLNXO2XG2HA.
- The user-provided name on the Yahoo account is "james henry."

- The Yahoo account was created on October 2, 2017 at 10:54:00 (GMT) from Comcast Cable IP address 76.120.246.67, located in or around Petersburg, Virginia.

- The phone number provided for the Yahoo account is 804-720-2024, which is the same phone number provided by Chapell in DOD records.

- The last successful login to the Yahoo account was on January 12, 2020 at 14:31:54 (GMT) from Verizon Wireless IP address 174.226.3.119 (Port 4803), located in or around Hopewell, Virginia.

- Additional successful logins to the Yahoo account were as follows:

    - On July 23, 2019 at 17:40:23 (GMT) from Comcast Cable IP address 2601:5c5:201:2a4:6c34:d9fd:3c72:f603 (Port 50660), located in or around Hopewell, Virginia.

    - On September 13, 2019 at 17:45:01 (GMT) from Comcast Cable IP address 73.251.67.123 (Port 51027), located in or around Hopewell, Virginia.

    - The Yahoo account was deactivated on January 13, 2020 at 16:12:55 (GMT) by Yahoo for sharing Child Sexual Abuse Images, (CSAI), as identified in CyberTip 62776771.

17. On March 11, 2020 this office received Grand Jury Subpoena returns pertaining to Verizon Wireless Number 804-720-2024, and IP Address 174.226.3.119 during the specified dates in the CP report. Verizon identified the subscriber to the phone number and IP address as Mr. Travis R. Chapell at an address in Disputanta, VA.

18.     On January 28, 2020, a preservation request was submitted by the affiant to Oath Holdings Inc. (Yahoo), currently operated by Verizon Media, for the SUBJECT ACCOUNT.

## BACKGROUND CONCERNING EMAIL

19.     In my training and experience, I have learned that Oath Holdings, Inc. (Yahoo) provides a variety of on-line services, including electronic mail ("email") access, to the public. Oath Holdings Inc. (Yahoo) allows subscribers to obtain email accounts at the domain name **yahoo.com,** like the email account listed in Attachment A. Subscribers obtain an account by registering with Oath Holdings Inc. (Yahoo). During the registration process, Oath Holdings Inc. (Yahoo) asks subscribers to provide basic personal information. Therefore, the computers of Oath Holdings Inc. (Yahoo) are likely to contain stored electronic communications (including retrieved and unretrieved email for Oath Holding Inc. (Yahoo) subscribers) and information concerning subscribers and their use of Oath Holdings Inc. (Yahoo) services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

20.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I

know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

21. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

22. In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

23. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct

under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

## CONCLUSION

24. Based on the forgoing, I request that the Court issue the proposed search warrant.

25. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Oath Holdings Inc. (Yahoo). Because the warrant will be served on Oath Holdings, Inc. (Yahoo), who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

26. Providers often refuse to mail returns, transport or deliver by computer child pornography to any person other than as permitted as part of making a report to the National Center for Missing and Exploited Children pursuant to 18 U.S.C. § 2258. Accordingly, absent permission by the Court, Oath Holdings Inc. may not transmit information responsive to this warrant should it contain, as is anticipated, child pornography. The Court has the authority to order Oath Holdings Inc. to disclose responsive data to the Court's search warrant by sending it to the Government using the U.S. Postal Service or another courier service, notwithstanding 18 U.S.C. § 2252A, or similar statute or code. Oath Holdings Inc. routinely complies with such orders, which do not place any unreasonable burden on Oath Holdings Inc. Accordingly, Attachment B allows for Oath Holdings Inc., to comply with the warrant by sending results to your affiant by U.S. Mail or other courier.

27. I submit this affidavit supports probable cause for search warrant to search the locations described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Michael J. Roelofs
Special Agent
U.S. Army Criminal Investigation Division
Major Cybercrime Unit

Subscribed and sworn to before me telephonically on March 20, 2020.

/s/

Roderick C. Young
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **james.henry170@yahoo.com** that is stored at premises owned, maintained, controlled, or operated by Oath Holdings Inc. ("Yahoo"), headquartered at 701st First Avenue, Sunnyvale, California, 94089.

## ATTACHMENT B

### Particular Things to be Seized

I.  **Records and Information to be disclosed by Oath Holdings Inc.:**

To the extent that the record and information described in Attachment A is within the possession, custody, or control of Oath Holdings Inc., regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Oath Holdings Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Oath Holdings Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.  The contents of all emails associated with the account **james.henry170@yahoo.com from September 2017 to the present**, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email, and any images and/or videos attached to the emails;

b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.  Login Name and all Alternate Communication Channels as referenced in the Yahoo Account Management Tool.

    d.    The types of service utilized;

    e.    All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

    f.    All records pertaining to communications between the Oath Holdings Inc., and any person regarding the account, including contacts with support services and records of actions taken. Oath Holdings Inc. is hereby ordered to disclose the above information to the government within **14 Days** of issuance of this warrant.

**II.    Information to be seized by the government**

All records and information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(2)(5), possessing, receiving, or distributing child pornography, involving the SUBJECT from **September 2017 to the present**, for said account or identifier listed on Attachment A, information pertaining to the following matters:

    a.    All image and video files depicting minors (persons under the age of 18);

    b.    All image and video files depicting individuals engaged in sexually explicit conduct, whether or not it is readily apparent that such individual is a minor;

    c.    As to the image and video files described in (a) and (b), all metadata contained in the file, and IP addresses associated with the upload, download, import, transfer or access to any such file;

    d.    The identity of the person(s) who created or used each account.

    e.    Records and information about the user and his use of the account, such as the Internet Protocol ("IP") addresses used to access the accounts, browser type, web pages visited before connecting to Oath Holdings Inc., information searched for on Oath Holdings Inc., locale

preferences, identification numbers associated with devices used to connect to Oath Holdings Inc., the user's mobile carrier, date and time stamps associated with transactions, system configuration information, metadata concerning files, and other interactions with the Service.

    f.    Records and information relating to any other users communicating with the accounts that would assist in identifying any other person(s) who uploaded, downloaded, imported, transferred or accessed images and video files depicting children and child pornography, including records that help reveal their whereabouts.

### III. Compliance and Method of Delivery

Oath Holdings Inc. shall disclose responsive data if any, for accounts associated with the account "**james.henry170@yahoo.com**," by sending said response to USACIDC Special Agent Michael J. Roelofs, by email at Michael.j.roelofs.civ@mail.mil or by mail at 27130 Telegraph Road, Quantico, VA 22134 by using the U.S. Postal Service or another courier service, both notwithstanding 18 U.S.C. § 2252A or similar statute or code.